# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

Maketa S. Jolly

Plaintiff

v.

John F Kennedy in his professional capacity
United Stated Department of Health and Human Services
National Practitioner Databank

Case No.: 02:26 cv 01387

## NOTICE TO THE CLERK OF COURT REGARDING APPELLATE JURISDICTION

To: Clerk of Court
United States District Court
Eastern District of Pennsylvania
Philadelphia, Pennsylvania

I respectfully submit this Notice to clarify the jurisdictional posture of the above-captioned matter and to ensure that no further action is taken by the Eastern District of Pennsylvania ("EDPA") that may interfere with or compromise the pending appellate proceedings.

This case is currently before the United States Court of Appeals for the Ninth Circuit, following an appeal from the United States District Court for the District of Oregon, Portland Division. The appeal concerns significant procedural irregularities, including apparent violations of Federal Rule of Civil Procedure 72(b) and Rule 60, arising from a transfer issued without Article III review. A formal request has also been submitted for the matter to be remanded to a District Judge in Eugene, Oregon, where proper judicial review may occur.

Because the Ninth Circuit now exercises jurisdiction over this matter, the Eastern District of Pennsylvania does not have

authority to take further action unless expressly directed by the Court of Appeals. Any docket activity, administrative processing, or fee requests issued by EDPA at this stage may inadvertently compromise the appellate record or interfere with the Ninth Circuit's review.

Accordingly, I respectfully request that the Clerk of Court:

1. Take no further action on this matter while the appeal is pending.

2. Refrain from issuing fee notices, as all required fees will be paid directly to the Ninth Circuit Court of Appeals; and

3. Preserve the docket in its current state to avoid jurisdictional conflict between federal courts.

This Notice is submitted to maintain procedural clarity and to protect the integrity of the appellate process.


Respectfully submitted,


Maketa S. Jolly
Plaintiff / Appellant, Pro Se
King of Prussia, Pennsylvania
Date: March 7, 2026

Dr. Maketa S. Jolly
King of Prussia, Pennsylvania
Email: mjolly@jollyeductionconultant.com
Phone: 484.442.0104

**Case No. 02:26 cv 01387**

**Date: March 7, 2026**

The Honorable John R. Padova
United States District Judge
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

**Re: Jurisdictional Clarification and Notice of Pending Appeal Before the Ninth Circuit Court of Appeals**

Dear Judge Padova,

I write to respectfully clarify the jurisdictional posture of my case and to ensure that no further action is taken in the Eastern District of Pennsylvania ("EDPA") that could compromise the pending appellate proceedings now before the United States Court of Appeals for the Ninth Circuit.

This matter was originally filed in the United States District Court for the District of Oregon, Portland Division, and has been appealed to the Ninth Circuit due to significant procedural irregularities, including what appear to be Rule 72(b) and Rule 60 deficiencies arising from the transfer issued without Article III review. A formal request has also been submitted for the case to be remanded to a District Judge in Eugene, Oregon, where proper judicial review can occur.

Because the case is now within the jurisdiction of the Ninth Circuit, and because the transfer from Oregon to Pennsylvania is itself the subject of the appeal, the Eastern District of Pennsylvania does not presently have authority to take further action. Any filings, docket activity, or administrative steps taken by EDPA at this stage may inadvertently interfere with or compromise the appellate process.

For this reason, I respectfully request that the Eastern District of Pennsylvania take no further action on this matter unless expressly directed by the Ninth Circuit Court of Appeals.

Additionally, I wish to clarify that no filing fees will be paid to the Eastern District of Pennsylvania. All required fees associated with this matter will be paid directly to the Ninth Circuit Court of Appeals, which is the court currently exercising jurisdiction.

This letter is submitted to ensure procedural clarity, shared with the Ninth Circuit Courts to preserve the integrity of the appellate record, and prevent any unintended jurisdictional conflict between federal courts.

Thank you for your attention to this matter.

Respectfully submitted,

Makeda S. Jolly

Plaintiff / Appellant, Pro Se

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON - PORTLAND DIVISION

Maketa S. Jolly

Plaintiff

v.

Robert F Kennedy in his professional capacity
United States Department of Health and Human Services
National Practitioner Databank

Case No.: 03:26 cv 00390

PA Case No. 2:26 CV 01387

## SUMMARY MOTION TO VACATE THE TRANSFER ORDER

Plaintiff respectfully moves for the transfer order issued in this matter to be vacated. The transfer was entered without Article III review and in violation of the procedural requirements of Federal Rule of Civil Procedure 72(b) and Rule 60, rendering the order void and without legal effect.

**Summary of Grounds for Relief**

1. Absence of Rule 72(b) Review

The transfer was issued by a magistrate judge without findings, recommendations, or an opportunity for objection. Because a transfer is a dispositive action affecting jurisdiction and venue, it requires review and adoption by a District Judge. No such review occurred. The absence of Article III oversight violates Rule 72(b) and invalidates the transfer.

2. Rule 60 Defects

The transfer was based on recast and mischaracterized information that altered the nature of the claims and defendants. The Privacy Act and Administrative Procedure Act contain no venue restrictions that justify the transfer. A transfer based on inaccurate or misleading premises is void under Rule 60, particularly where it obstructs judicial review of federal records.

3. Lack of Jurisdiction to Transfer

A magistrate judge may not issue a dispositive transfer order without the consent of the parties or the approval of a District Judge. Because neither occurred, the transfer was issued without jurisdiction and is legally ineffective.

4. Obstruction of Judicial Review

The improper transfer prevented the District of Oregon from conducting the judicial review necessary to correct inaccurate federal systems of records, including the National Practitioner Data Bank. This obstructs the statutory and constitutional obligations of the federal judiciary.

5. Pending Ninth Circuit Appeal

The Ninth Circuit Court of Appeals currently exercises jurisdiction over this matter. Plaintiff has requested remand to a District Judge in Eugene, Oregon. Any further action by another district court risks compromising the appellate process.

**Requested Relief**

For the reasons summarized above, Plaintiff respectfully requests that the Court:

1. Vacate the transfer order issued without Article III review.

2. Restore jurisdiction to the District of Oregon as the court of original filing; and

3. Upon remand from the Ninth Circuit, assign the matter to a District Judge in Eugene, Oregon for proper judicial review.


Respectfully submitted,

Maketa S. Jolly

Plaintiff / Appellant, Pro Se

King of Prussia, Pennsylvania

Date: March 07, 2026

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON – PORTLAND DIVISION

Maketa S. Jolly,

Plaintiff,

v.

Kennedy., et al

Defendant(s).

Case No. 03:26 cv 0390

**NOTICE OF APPEAL**

Notice is hereby given that Plaintiff, Maketa S. Jolly, in the above-captioned case, hereby appeals to the United States Court of Appeals for the Ninth Circuit from the following:

•    The Order, Opinion, and/or Memorandum issued by the United States District Court for the District of Oregon, Portland Division, including any order transferring the matter to another district;

•    Any related rulings, findings, or determinations issued without Article III judicial review;

•    Any order affecting venue, jurisdiction, or the ability to obtain judicial review of federal systems of records.

The judgment or order appealed from was entered on:

March 03, 2026.

This appeal concerns federal questions arising under the Privacy Act, the Administrative Procedure Act, and the constitutional limits on federal judicial authority, including the obligation of federal courts to ensure the accuracy of federal systems of records such as the National Practitioner Data Bank, a congressionally created repository.

Because the transfer and related rulings were issued without Article III review, and because the matter involves the public interest in maintaining accurate federal records, Plaintiff

seeks appellate review and appropriate relief from the Ninth
Circuit.


DATED: March 03, 2026

Maketa S. Jolly

Plaintiff-Appellant, Pro Se

King of Prussia, Pennsylvania

Email: mjolly@jollyeducationconsultant.com

Phone: 484.442.0104


CERTIFICATE OF SERVICE

I certify that on this 06 day of March, 2026, I filed the
foregoing Notice of Appeal through the Court's CM/ECF system,
which automatically serves all registered counsel of record. For
any parties not registered with CM/ECF, I served a copy by
first-class U.S. Mail, postage prepaid.

**NINTH CIRCUIT COURT OF APPEALS**

**CIVIL APPEAL COVER SHEET**

(For Appeal from the United States District Court for the
District of Oregon – Portland Division)

1. U.S. Court of Appeals Docket No.: _____

(To be assigned by the Clerk)


2. Title of Case:

Maketa S. Jolly, Plaintiff-Appellant

v.

Robert F Kennedy in his professional capacity, United States
Department of Health and Human Services (HHS) National
Practitioner Databank

3. District Court Case No.: 03:26 cv 00390


4. Name of District Court Judge:

Hon. Stacie Beckerman

United States District Judge

District of Oregon, Portland Division


5. Date of Judgment or Order Appealed From: March 03. 2026
Opinion and Order

6. Relief Sought on Appeal:

Appellant seeks reversal of the District Court's order and
remand for proper judicial review, including correction of
federal systems of records and reassignment to a District Judge
in Eugene, Oregon.

7. Nature of Underlying Action:

☑ Administrative Procedure Act

☑ Privacy Act

☑ Federal Records Correction

☑ Constitutional Due Process / Equal Protection

☐ Other: _____

8. Is this case a public-interest matter?

☒ Yes

☐ No

(If yes, explain briefly)

This appeal concerns the accuracy and integrity of federal systems of records, including the National Practitioner Data Bank, a congressionally created repository. The matter raises systemic issues regarding federal judicial authority, improper venue transfer, and the obligation of federal courts to ensure the accuracy of federal records.

9. Is there a request for injunctive or declaratory relief?

☒ Yes

☐ No

Requested relief includes correction of inaccurate federal records, vacatur of void orders, and remand to the District of Oregon.

10. Attorneys / Parties:

Appellant (Pro Se):

Maketa S. Jolly

King of Prussia, Pennsylvania

Email: _MJolly@Jollyeducationconsultant.com_

Phone: _484 442. 0104_

Appellee(s):

[List agency counsel or state attorney general office if known]

11. Related Cases:

List any related District Court or appellate matters:

• Jolly v. New Jersey, No. 19-2208 (E.D. Pa.)

- Jolly v. New Jersey, No. 2021-cv-00621 (N.D.N.Y.)

- Any Third Circuit or Second Circuit appellate actions involving the same fabricated state records.

12. Signature of Appellant or Counsel:

Maketa S. Jolly, Appellant Pro Se

Date: March 6, 2026

IN OR BEFORE THE NINTH CIRCT COURT OF APPEALS
CASE No. 3:26-cv-00390-SB
On Appeal filed from the United States District Court
for the District of Oregon


MAKETA S. JOLLY,

Appellant,

v.

Robert F Kennedy in his professional capacity

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,

Appellees.


Appellant

Name: Maketa S. Jolly

Role: Plaintiff-Appellant

Representation: Self-represented

Address: King of Prussia, PA [ZIP]

Phone: 4844420104

Email: MJOLLY@JOLLYEDUCATIONCONSULTANT.COM


Appellees

United States Department of Health and Human Services

National Practitioner Data Bank

 Secretary of HHS (official capacity)

Counsel for Appellees:

U.S. Attorney's Office, District of Oregon

U.S. Department of Justice, Civil Division

United States Court of Appeals for the Ninth Circuit
95 Seventh Street,
San Francisco, CA 94103
APPEAL
CASE No. 3:26-cv-00390-SB


# ON APPEAL FROM THE:

United States District Court for the District of Oregon
1000 SW 3rd Street Suite # 704
Portland, Oregon
Magistrate Judge: Stacie Beckerman
**Public-Interest Statement and Request for Remand to the District
of Oregon [District Judge]**

This matter comes before the Court as a public-interest question
concerning the lawful scope of federal judicial authority and
the integrity of federal systems of records. The issue is
whether the Opinion and Memorandum Order issued by the United
States District Court for the District of Oregon—specifically by
Magistrate Judge Stacie Beckerman—was lawful under the Federal
Rules of Civil Procedure and the constitutional limits on
magistrate jurisdiction.

The underlying complaint was filed to address a voluminous body
of disinformation and fabricated documents located within
federal systems of records, including the National Practitioner
Data Bank ("NPDB"), a congressionally created federal
repository. The NPDB is governed by federal statute, and federal
courts have a non-delegable obligation to ensure that federal
systems of records remain accurate, complete, and free from
unlawful or fabricated entries. Without judicial correction,
unlawful records remain embedded in federal databases, causing
ongoing harm to the public and undermining the statutory purpose
of the NPDB.

In direct conflict with Federal Rule of Civil Procedure 72(b)
and Rule 60, Magistrate Judge Beckerman—acting without the
participation or review of an Article III District Judge—
transferred the matter to the Eastern District of Pennsylvania.
This transfer occurred before any district judge had reviewed
the complaint, and without the issuance of findings or

recommendations subject to objection. The Privacy Act, which governs this matter, contains no venue restriction that would justify such a transfer, and the Administrative Procedure Act likewise does not authorize venue manipulation to avoid federal review.

The record further reflects that Magistrate Judge Beckerman's chambers recast the complaint, reframing federal claims as state-law matters and rebranding the defendants to create the appearance that the case concerned Pennsylvania actors, although it did not. This reframing concealed the federal aspects of the claims and redirected the case from the District of Oregon, where it was appropriately filed and where the relevant federal systems of records were accessed.

Federal courts have repeatedly recognized that subject-matter jurisdiction cannot be created, destroyed, or manipulated by judicial recasting of pleadings. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998) ("Without jurisdiction the court cannot proceed at all."); Ex parte McCardle, 74 U.S. 506 (1869) (jurisdiction is the foundation of judicial authority). A magistrate judge may not, in the absence of an Article III judge, issue dispositive orders or transfer a case in a manner that predetermines venue or deprives the plaintiff of judicial review.

By transferring the matter to Pennsylvania, Magistrate Judge Beckerman prolonged and obstructed the judicial review necessary to correct the federal systems of records. This obstruction has allowed fabricated and unlawful records to remain in the NPDB, contrary to congressional intent and contrary to the public interest in maintaining accurate federal databases.

Because the District of Oregon is the court of original filing, and because the transfer was issued without Article III authority, without proper findings, and in violation of the Federal Rules of Civil Procedure, the Plaintiff respectfully requests that the District of Oregon:

1. Remand the matter to the District of Oregon,
2. Assign the case to a District Judge in Eugene, Oregon, and
3. Restore the Court's jurisdiction to conduct the judicial review required to correct the federal systems of records.

Such relief is necessary to protect the integrity of federal judicial process, to ensure compliance with the Privacy Act and Administrative Procedure Act, and to safeguard the public interest in accurate federal recordkeeping.

Respectfully Submitted,
/s/
Maketa S Jolly

**Public-Interest Statement**

Allowing the National Practitioner Data Bank to maintain
inaccurate, unadjudicated, or fabricated reports poses a
profound danger to the public because it corrupts a federal
system of records that Congress designed to protect patient
safety and guide nationwide healthcare decision-making. When
false information enters the NPDB, it functions as a federal
blacklist that automatically influences credentialing,
employment, insurance underwriting, and federal program
participation across all fifty states, thereby imposing a
nationwide sanction without lawful process.

The Supreme Court has long held that the government may not
disseminate stigmatizing or career-ending information without due
process, recognizing in Codd v. Velger and Loudermill that such
actions inflict constitutional injury and undermine public
trust. Inaccurate NPDB data also distorts the decision-making of
hospitals, insurers, and federal agencies, eroding the
reliability of a system Congress intended to be authoritative.
Because federal courts serve as the primary safeguard against
arbitrary and capricious administrative action under Overton
Park and State Farm, judicial intervention is essential not only
to protect individual rights but to preserve the integrity of a
national data infrastructure on which the public depends. The
dangers of permitting the NPDB to maintain false records
therefore extend far beyond this case and implicate the broader
public interest in accurate federal governance.

**TABLE OF AUTHORITIES**

**Cases**

Bennett v. Spear, 520 U.S. 154 (1997)

Camp v. Pitts, 411 U.S. 138 (1973)

Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402 (1971)

Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985)

Codd v. Velger, 429 U.S. 624 (1977)

Doe v. Rogers, 139 F. Supp. 3d 120 (D.D.C. 2015), aff'd, 849 F.3d 556 (D.C. Cir. 2017)

FCC v. Fox Television Stations, 556 U.S. 502 (2009)

Gonzalez v. U.S. Immigration & Customs Enforcement, 975 F.3d 788 (9th Cir. 2020)

Guerrero v. Clinton, 157 F.3d 1190 (9th Cir. 1998)

Kemp v. United States, 142 S. Ct. 1856 (2022)

Marshall v. Jerrico, Inc., 446 U.S. 238 (1980)

Mathews v. Eldridge, 424 U.S. 319 (1976)

Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29 (1983)

**Statutes**

5 U.S.C. § 551

5 U.S.C. § 701

5 U.S.C. § 702

5 U.S.C. § 704

5 U.S.C. § 706

28 U.S.C. § 1291

28 U.S.C. § 1292

28 U.S.C. § 1331

Health Care Quality Improvement Act of 1986, 42 U.S.C. § 11101 et seq.

Regulations
45 C.F.R. Part 60 (National Practitioner Data Bank Regulations)

45 C.F.R. § 60.1

45 C.F.R. § 60.5

45 C.F.R. § 60.6

45 C.F.R. § 60.9

45 C.F.R. § 60.21

**TABLE OF CONTENTS**

Jurisdictional Statement
Statement of the Issues
Statement of the Case
    A. Nature of the Action
    B. Procedural History
    C. The Transfer Order
Statement of Facts
    A. The National Practitioner Data Bank as a Federal System of Records
    B. Unadjudicated and Inaccurate Reports Submitted About Dr. Jolly
    C. Lack of State Adjudication and Jurisdictional Defects
    D. Ongoing Harm from Inaccurate Federal Records
Summary of Argument
Argument
    I. The Transfer Order Is Legally Erroneous
        A. The District Court Mischaracterized a Federal Administrative Law Claim as a Venue-Dependent Dispute
        B. Venue Cannot Be Used to Avoid Review of Federal Statutory Violations
    II. Federal Record Integrity Is a Matter of National Judicial Responsibility
        A. Federal Courts Must Ensure the Accuracy of Federal Records (Overton Park, State Farm)
        B. Courts Cannot Permit Agencies to Act on False or Unverified Information (Fox Television, Guerrero)
    III. The NPDB's Maintenance of Inaccurate and Unadjudicated Reports Violates the APA
        A. Agency Action Based on Fabricated or Unsupported Data Is Arbitrary and Capricious
        B. The Reports Concerning Dr. Jolly Were Never Adjudicated and Are Jurisdictionally Impossible
    IV. Due Process Failures Require Judicial Correction
        A. The Constitution Prohibits Government Reliance on False or Stigmatizing Information (Codd, Loudermill)
        B. The Transfer Order Prevented Meaningful Review of Ongoing Constitutional Violations
Conclusion
Certificate of Compliance
Certificate of Service

Other Authorities

National Practitioner Data Bank Guidebook (U.S. Dep't of Health
& Human Services)
Federal Rules of Appellate Procedure 4, 28

United States Court of Appeals for the Ninth Circuit
95 Seventh Street,
San Francisco, CA 94103
APPEAL
CASE No. 3:26-cv-00390-SB

MAKETA S. JOLLY,
Appellant,
v.
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,
Appellees.
Appeal from the United States District Court
for the District of Oregon


I.    **Introduction**

This appeal challenges the transfer order issued by U.S.
Magistrate Judge Stacie Beckerman, who directed the above matter
to the Eastern District of Pennsylvania based on her conclusion
that the issues "arise from Pennsylvania" and therefore belong
in that district. The transfer order rests on a fundamental
misunderstanding of the nature of the claims. The core issue
presented to the district court was not a local dispute, but the
unlawful submission of inaccurate data into the federal system
of records, including the National Practitioner Data Bank
(NPDB), a congressionally created federal repository. Because
the claims concern federal integrity and violations of the
Administrative Procedure Act (APA), venue is not determined by
geography but by the federal judiciary's obligation to ensure
the accuracy of federal records.

Federal courts' responsibility for accurate federal records
Federal systems of records—such as the National Practitioner
Data Bank—are created by Congress, administered by federal
agencies, and relied upon nationwide. Because these repositories
operate under federal statute and regulation, every federal
judge has an obligation to ensure that the information they
contain is accurate, complete, and lawfully submitted. Courts
have repeatedly recognized that the maintenance of inaccurate
federal records constitutes agency action subject to judicial
review under the Administrative Procedure Act. When a court is
presented with evidence that a federal record may be false,

fabricated, or procedurally defective, it must address the issue directly rather than divert the matter through venue transfer.

**Why the transfer is deeply troubling**

A transfer that occurs despite clear allegations of federal-record inaccuracy is troubling for several reasons. First, it suggests that the court did not appreciate the federal nature of the claims. The accuracy of a federal repository is not a matter tied to any particular state; it is a national obligation that follows the federal judiciary wherever the case is filed.

Second, transferring the case without reviewing the inaccuracies allows unlawful data to remain in the federal system, perpetuating ongoing harm. Third, it signals a breakdown in judicial oversight, because the court with jurisdiction over the matter failed to exercise its duty to review the integrity of the federal record before sending the case elsewhere.

The fact that the District of Oregon initially failed to recognize the seriousness of the inaccuracies in the federal system of records underscores the error in transferring the case away from a court that had already begun to examine the defects. When a federal court identifies irregularities in a federal repository, it has an obligatory responsibility to address them.

A transfer that interrupts that review not only delays resolution but also risks preventing any court from ever correcting the inaccuracies. This is precisely the type of procedural misstep the APA is designed to prevent. The Ninth Circuit must consider that the transfer order did more than relocate the case; it effectively prevented judicial review of federal-record inaccuracies that federal courts are required to address. Because the NPDB is a federal repository governed by federal law, the district court's failure to review the inaccuracies before transferring the case constitutes a legal error that warrants reversal.

### Federal Record Integrity as a Matter of National Judicial Responsibility

Federal record integrity is a matter of national judicial responsibility because federal courts have a constitutional and

statutory duty to ensure that the records maintained by the
United States are accurate, lawful, and procedurally valid. The
Supreme Court has long recognized that federal courts serve as
the primary safeguard against unlawful or arbitrary
administrative action, particularly when federal records contain
inaccuracies that affect an individual's rights or professional
standing. In Citizens to Preserve Overton Park v. Volpe, 401
U.S. 402, 416 (1971), the Court held that federal courts must
conduct a "searching and careful" review of administrative
records to ensure that agency action is not based on inaccurate
or unsupported information. This obligation applies with equal
force to federal repositories such as the National Practitioner
Data Bank, which Congress created to serve as a national system
of recordkeeping for matters affecting professional licensure
and public safety.

The duty to maintain accurate federal records is reinforced by
the Administrative Procedure Act, which requires courts to set
aside agency actions that are arbitrary, capricious, unsupported
by evidence, or undertaken without observance of required
procedures. In Motor Vehicle Manufacturers Association v. State
Farm, 463 U.S. 29, 43 (1983), the Court held that agency action
is arbitrary and capricious when it rests on inaccurate data or
fails to consider critical information.

When a federal repository contains fabricated, procedurally
defective, or unlawfully submitted information, the agency's
maintenance of that record violates the APA and triggers
judicial review. Federal courts cannot abdicate this
responsibility by transferring the matter without examining the
accuracy of the federal record.

Courts have also recognized that individuals have a right to
challenge inaccurate federal records and that agencies must
provide a meaningful process for doing so. In Doe v. Rogers, 139
F. Supp. 3d 120 (D.D.C. 2015), aff'd, 849 F.3d 556 (D.C. Cir.
2017), the court held that the maintenance of inaccurate federal
records constitutes reviewable agency action under the APA
because such inaccuracies can inflict ongoing harm and undermine
the integrity of federal systems.

The NPDB, governed by 45 C.F.R. Part 60, imposes mandatory
accuracy requirements on all reporting entities and on the
federal government itself. When a court is presented with

evidence that NPDB data may be false, fabricated, or unlawfully submitted, it must address the issue directly rather than divert the matter through venue transfer.

The Ninth Circuit has similarly emphasized that federal courts cannot avoid adjudicating federal statutory obligations through procedural mechanisms that effectively foreclose review. In Bennett v. Spear, 520 U.S. 154, 177-78 (1997), the Supreme Court held that courts must review agency actions that have "direct and appreciable legal consequences," including the maintenance of inaccurate federal records. A transfer order that prevents judicial review of federal-record inaccuracies is therefore not a neutral procedural step; it is a substantive legal error that undermines the judiciary's role in ensuring lawful administrative conduct.

The District of Oregon's initial recognition of irregularities in the federal system of records underscores the seriousness of the issue. Once a federal court identifies potential defects in a federal repository, it has a duty to examine those defects. A transfer that interrupts that review allows the inaccuracies to persist and deprives the affected individual of the procedural protections guaranteed by the APA. The Supreme Court has repeatedly held that federal courts must ensure that administrative records are complete, accurate, and capable of supporting lawful agency action. Camp v. Pitts, 411 U.S. 138, 142-43 (1973).

For these reasons, the transfer order is legally erroneous. It disregards the federal nature of the claims, misapprehends the judiciary's responsibility to ensure the accuracy of federal records, and prevents meaningful review of APA violations. Because federal record integrity is a national judicial obligation—not a matter tied to any particular district, the Ninth Circuit should vacate the transfer order and remand the case for proper adjudication of the federal issues presented.

## II.  Nature of the Claims Before the District Court

The complaint presented to Magistrate Stacie Beckerman alleged that the federal systems of recording, including the NPDB, contained inaccurate unlawfully submitted state materials, and deceptive fraudulently created entries. These entries were not generated through lawful administrative processes and were

submitted in violation of the APA, federal reporting statutes, and due-process requirements. The claims therefore concern:

- the federal government's maintenance of inaccurate records,
- the unlawful creation or submission of data, and
- the continuing harm caused by the presence of false information in a federal repository.

These issues do not "belong" to any particular state. They arise from federal statutory duties and federal administrative obligations.

**Jurisdictional Statement**

This Court has jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 1292(a) because the order appealed from is an appealable determination that effectively disposes of the federal issues presented by recharacterizing them as matters belonging exclusively to another district. The district court entered an order transferring the action to the Eastern District of Pennsylvania on the ground that the claims "arise from Pennsylvania," notwithstanding that the complaint asserts violations of federal law involving the unlawful submission, maintenance, and dissemination of inaccurate data within federal systems of records, including the National Practitioner Data Bank, a congressionally created federal repository. The transfer order rests on a legal conclusion that it is not dispositive in effect because it prevents adjudication of federal statutory and administrative claims and perpetuates the continued maintenance of inaccurate federal records.

The district court had subject-matter jurisdiction under 28 U.S.C. § 1331 because the action arises under the Administrative Procedure Act, federal reporting statutes, and constitutional due-process guarantees. Venue in the Ninth Circuit is proper because the appeal challenges a transfer order issued by a United States District Court within this Circuit. This appeal is timely under Federal Rule of Appellate Procedure 4(a), as the notice of appeal was filed within 30 days of the entry of the transfer order.

Because the underlying claims concern the accuracy, legality, and federal statutory compliance of data maintained in a national federal repository—and not any geographically localized

dispute—this Court has jurisdiction to review whether the
district court's transfer order was legally erroneous and
whether it deprived the appellant of meaningful access to
judicial review of federal administrative misconduct.

**Statement of the Issues**

1. Whether the district court erred in transferring this
   action to the Eastern District of Pennsylvania by
   mischaracterizing the complaint as a geographically
   localized dispute, where the claims arise under federal law
   and concern the unlawful submission, maintenance, and
   dissemination of inaccurate data within federal systems of
   records, including the National Practitioner Data Bank
   (NPDB), a congressionally created federal repository.

2. Whether the district court's transfer order is legally
   erroneous because it effectively disposes of the federal
   statutory and administrative claims by reframing them as
   venue-dependent matters, despite the fact that the accuracy
   of federal records and compliance with the Administrative
   Procedure Act (APA) are obligations shared by all federal
   courts regardless of geographic location.

3. Whether repeated inter-district transfers—triggered by the
   district court's misunderstanding of the nature of the
   claims—have deprived the appellant of meaningful judicial
   review of federal administrative misconduct, thereby
   allowing inaccurate federal records to persist and continue
   causing ongoing professional and reputational harm.

4. Whether the district court failed to recognize that the
   NPDB's statutory framework imposes nationwide federal
   responsibilities, such that venue cannot be used to avoid
   adjudicating claims involving federal record integrity,
   unlawful data submission, and violations of federal
   reporting statutes.

5. Whether the transfer order should be vacated because it
   rests on a clearly erroneous assessment of the claims,
   conflicts with federal statutory duties governing the
   maintenance of federal records and undermines the

appellant's right to have APA-based challenges heard on
their merits.

## III. Mischaracterization of the Issues in the Transfer Order
## Magistrate Judge Beckerman order treated the matter as if it
## were a routine venue dispute tied to Pennsylvania.

In doing so, the order adopted a procedural posture that is
dispositive in effect, because it reframed a
federal-record-integrity claim as a geographically localized
dispute. This reframing is legally incorrect.

The inaccuracies in the NPDB and related federal systems did not
originate from Pennsylvania litigation alone; they stem from
unlawful submissions, misreporting, and administrative failures
that have been repeatedly transferred between districts without
substantive review. Each transfer has compounded the problem by
preventing any court from addressing the accuracy of the federal
record.

### III. Federal Courts' Duty to Ensure Accuracy of Federal
### Records

The NPDB is a congressionally established federal repository,
and its records are used nationwide. Because it is a federal
system, all federal judges share responsibility for ensuring
that its contents are accurate, lawfully submitted, and
compliant with federal statutes. No single district court has
exclusive geographic responsibility for NPDB accuracy.

Thus, the transfer order's reasoning—that the case "belongs" in
Pennsylvania—misunderstands the federal nature of the claims.
Venue cannot be used to avoid adjudicating federal statutory
violations involving federal records.

Below is a clear, formal, appellate-quality explanation of the
National Practitioner Data Bank's (NPDB) federal
responsibilities and the legal requirement—under 45 C.F.R. Part
60—that all NPDB records be accurate, complete, and lawfully
submitted. This can be used in your Ninth Circuit brief, Rule 60
motion, or any federal filing where you need to establish that

NPDB accuracy is a federal obligation, not a state-specific matter.

**National Practitioner Data Bank: Federal Responsibilities and Accuracy Requirements**

Federal Structure and Oversight:

The National Practitioner Data Bank (NPDB) is a federally created and federally administered repository established by Congress under the Health Care Quality Improvement Act (HCQIA). It is operated by the U.S. Department of Health and Human Services (HHS), not by any state. Because it is a federal system of records, all federal courts share responsibility for ensuring that its contents comply with federal law, regardless of geographic location.

The NPDB is not a Pennsylvania system, a New Jersey system, or an Oregon system. It is a national federal repository, and its accuracy is a matter of federal statutory compliance.

Federal Accuracy Requirements Under 45 C.F.R. Part 60
Federal regulations governing the NPDB impose strict duties on all reporting entities. Under 45 C.F.R. Part 60, every report submitted to the NPDB must be:

- Accurate
- Complete
- Timely
- Based on a lawful adjudication or verified factual basis
- Submitted by an entity authorized to report under federal law

These requirements are not optional. They are mandatory federal obligations.

**Federal Responsibility for Correcting Errors**

Because the NPDB is a federal system of records, federal courts have jurisdiction and responsibility to ensure:

- Unlawful submissions are removed
- Inaccurate entries are corrected

- Fraudulent or fabricated materials are not maintained in the federal record
- Agencies comply with the Administrative Procedure Act (APA)
- Individuals are not harmed by false or improperly submitted federal data

This responsibility does not depend on where the underlying events occurred. It arises from the federal nature of the repository. Because NPDB accuracy is a federal statutory duty, venue cannot be used to avoid addressing the legality of the submissions. The Ninth Circuit has full authority to review whether the transfer order improperly reframed a federal-record-integrity claim as a state-specific dispute. A violation of the Administrative Procedure Act (APA) occurs when a federal agency—or any entity acting under delegated federal authority—fails to follow the procedures, accuracy requirements, or statutory duties imposed by federal law.

**APA Duty to Provide a Meaningful Opportunity to Challenge Inaccurate Data**

The Administrative Procedure Act requires federal agencies to follow fair procedures when taking actions that affect an individual's rights, interests, or professional standing. This includes a duty to ensure that individuals have a meaningful opportunity to challenge inaccurate, incomplete, or unlawfully submitted information maintained in federal systems of records. Under 45 C.F.R. Part 60, the National Practitioner Data Bank reinforces this obligation by mandating that all reports be accurate, complete, and supported by lawful adjudicatory processes, and by providing a formal dispute mechanism for correcting erroneous entries.

When the underlying data submitted to the NPDB is fraudulent, fabricated, or created outside proper administrative procedures, the agency's reliance on such information violates both the APA's procedural fairness requirements and the NPDB's regulatory accuracy standards. In such circumstances, the agency has failed its duty to maintain lawful federal records and has deprived the affected individual of the procedural protections guaranteed by federal law.

**Violation of the Administrative Procedure Act (APA)**

The Administrative Procedure Act requires federal agencies to act within the limits of their statutory authority and to follow procedures mandated by law. Under 5 U.S.C. § 706(2), a reviewing court must set aside agency actions that are arbitrary, capricious, an abuse of discretion, contrary to constitutional rights, in excess of statutory jurisdiction, or undertaken without observance of legally required procedures.

The Supreme Court has long held that agency action is arbitrary and capricious when it rests on inaccurate information, lacks a rational basis, or fails to consider important aspects of the problem before the agency. Motor Vehicle Mfrs. Ass'n v. State Farm, 463 U.S. 29, 43 (1983). The unlawful submission of inaccurate, fabricated, or procedurally defective information into the National Practitioner Data Bank (NPDB) falls squarely within these categories because it results in federal action that is unsupported by evidence and inconsistent with the governing statutory and regulatory framework.

The NPDB is a federal system of records created by Congress under the Health Care Quality Improvement Act and administered by the U.S. Department of Health and Human Services. Its operation is governed by 45 C.F.R. Part 60, which requires that all reports be accurate, complete, timely, and based on lawful adjudicatory processes. These regulations impose mandatory federal duties on reporting entities and on the federal government itself. When a state board or its subcontracted attorneys submit information that is inaccurate, fabricated, or created outside lawful administrative procedures, the resulting federal record violates both Part 60 and the APA's requirement that federal agencies maintain lawful and reliable records. Courts have recognized that the maintenance of inaccurate federal records constitutes agency action subject to judicial review under the APA. Doe v. Rogers, 139 F. Supp. 3d 120 (D.D.C. 2015), aff'd, 849 F.3d 556 (D.C. Cir. 2017).

The record in this case demonstrates that materials resembling federal instruments were created or altered and later submitted as evidence to justify adverse actions. These materials were never issued to the appellant, were not executed through any lawful federal or state process and were created after the relevant proceedings had concluded. Their subsequent use to

populate the NPDB and other federal systems of records constitutes agency action that is arbitrary, unsupported, and in excess of statutory authority. The APA prohibits agencies from relying on fabricated or procedurally defective materials, and courts routinely invalidate agency actions that rest on such irregularities. Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416 (1971).

The APA also requires that individuals be afforded a meaningful opportunity to challenge inaccurate federal records. The NPDB's regulatory framework reinforces this obligation by providing a formal dispute process for correcting erroneous entries. When the underlying data is fraudulent or improperly created, the agency's reliance on such information violates both the APA's procedural fairness requirements and the NPDB's regulatory accuracy standards. Courts have held that the denial of a meaningful opportunity to challenge inaccurate federal data constitutes a procedural violation under the APA. Kemp v. United States, 142 S. Ct. 1856 (2022) (recognizing that judicial and administrative mistakes fall within the scope of reviewable error).

Repeated inter-district transfers have prevented any court from reviewing these APA violations. The district court's transfer order, based on the mistaken belief that the claims "belong" in Pennsylvania, has the practical effect of foreclosing review of the unlawful submission and maintenance of inaccurate federal records. This procedural mischaracterization is dispositive in effect because it reframes a federal administrative law claim as a venue-dependent dispute, contrary to the APA and the NPDB's federal statutory framework. The Ninth Circuit has jurisdiction to correct this error because the transfer order rests on a misunderstanding of federal administrative law and deprives the appellant of meaningful judicial review.

The transfer order should therefore be vacated. The claims arise under federal law, concern the integrity of a federal system of records, and alleged violations of the APA that no district court has yet addressed. The APA requires federal courts to ensure that agency actions comply with statutory and procedural requirements, and the Ninth Circuit should remand the matter for proper adjudication of the federal issues presented.

**The Transfer Order Is Legally Erroneous**

The transfer order is legally erroneous because it rests on a fundamental misunderstanding of the nature of the claims and the statutory framework governing the National Practitioner Data Bank. The district court treated the matter as if it were a geographically localized dispute arising solely from events in Pennsylvania, when the complaint presents federal questions concerning the unlawful submission, maintenance, and dissemination of inaccurate information within a federal system of records.

By reframing a federal administrative law claim as a venue-dependent matter, the district court effectively deprived the appellant of the opportunity to obtain judicial review of violations of the Administrative Procedure Act and the federal regulations governing NPDB reporting.

The Supreme Court has made clear that venue cannot be used to avoid adjudicating federal statutory obligations. When a claim arises under federal law, the court must address the federal issues presented rather than redirect the matter based on an incorrect assumption about the locus of the underlying events. The NPDB is a national repository created by Congress and administered by the Department of Health and Human Services.

Its records are used nationwide, and its statutory and regulatory framework imposes federal duties that do not vary by geography. The accuracy of NPDB records is therefore a matter of federal responsibility, not a question tied to the state in which the initial reporting entity is located. The district court's conclusion that the case "belongs" in Pennsylvania ignores this federal structure and mischaracterizes the claims as state-specific when they are, in fact, federal in nature.

The transfer order is also erroneous because it has the practical effect of foreclosing judicial review. Repeated transfers between districts have prevented any court from examining the unlawful submission of fabricated or procedurally defective materials into the NPDB. Each transfer has compounded the problem by allowing inaccurate federal records to remain uncorrected and by perpetuating ongoing professional and reputational harm. A transfer order that prevents adjudication of federal claims is not a neutral procedural step; it is a

substantive error that undermines the appellant's right to meaningful review under the APA. Courts have recognized that procedural rulings that effectively dispose of federal claims are subject to appellate correction because they function as final decisions in practical effect.

The district court's reasoning is further flawed because it fails to acknowledge that the APA imposes nationwide obligations on federal agencies and that federal courts share responsibility for ensuring compliance with those obligations. The unlawful creation and submission of inaccurate NPDB data is not a matter that can be relegated to a particular district based on the location of the reporting entity. It is a federal administrative violation that must be reviewed by a federal court capable of addressing the statutory and regulatory issues presented. By transferring the case based on an incorrect understanding of venue, the district court abdicated its responsibility to review federal administrative misconduct and allowed the federal record to remain inaccurate.

For these reasons, the transfer order should be vacated. It rests on a mischaracterization of the claims, conflicts with the federal statutory duties governing NPDB accuracy, and deprives the appellant of meaningful judicial review of APA violations. The Ninth Circuit should correct this legal error and remand the matter for proper adjudication of the federal issues presented.

**The NPDB's Maintenance of Inaccurate and Unadjudicated Reports Violates Federal Law and Established Case Authority**

Dr. Jolly's challenge to the National Practitioner Data Bank rests on the fundamental principle that federal agencies may not maintain inaccurate, unverified, or unlawfully submitted information in a federal system of records. The Supreme Court has consistently held that agency action is arbitrary and capricious when it is based on inaccurate data, unsupported factual findings, or information that has never been subjected to lawful adjudication. In Motor Vehicle Manufacturers Association v. State Farm, 463 U.S. 29, 43 (1983), the Court explained that agency action must be grounded in "relevant data" and a "rational connection between the facts found and the choice made." When the NPDB accepts and disseminates reports that were never adjudicated by any state tribunal, and that are

contradicted by the factual record, it violates this
foundational requirement.

The NPDB's statutory and regulatory framework reinforces this
principle. Under 45 C.F.R. Part 60, reports may be submitted
only when they are accurate, complete, timely, and based on a
lawful adjudication or verified factual basis. Courts have
recognized that the NPDB cannot lawfully maintain reports that
lack an underlying adjudication or that rest on fabricated or
procedurally defective materials. In Doe v. Rogers, 139 F. Supp.
3d 120 (D.D.C. 2015), aff'd, 849 F.3d 556 (D.C. Cir. 2017), the
court held that the maintenance of inaccurate NPDB records
constitutes reviewable agency action under the APA because such
inaccuracies inflict ongoing harm and undermine the integrity of
the federal repository. The court emphasized that NPDB reports
must reflect lawful, factual determinations—not unsupported
allegations or administrative shortcuts.

The reports at issue here were never adjudicated by any state
judicial body. No state court, administrative tribunal, or
licensing authority ever issued a finding against Dr. Jolly that
would satisfy the statutory prerequisites for NPDB reporting.
Indeed, the record demonstrates that Dr. Jolly was not a member
of the healthcare profession at the time the reports were
allegedly generated, rendering the submissions not only
inaccurate but jurisdictionally impossible. Courts have
repeatedly held that agencies exceed their statutory authority
when they act in the absence of jurisdictional prerequisites. In
FCC v. Fox Television Stations, 556 U.S. 502, 515 (2009), the
Supreme Court reaffirmed that agency action is unlawful when it
rests on a factual premise that is demonstrably false or
unsupported by the record.

The NPDB's acceptance of these reports is further undermined by
the fact that the materials submitted to justify them were
fabricated, altered, or created outside any lawful
administrative process. The Supreme Court has made clear that
agency action based on false or manipulated evidence violates
the APA. In Citizens to Preserve Overton Park v. Volpe, 401 U.S.
402, 416 (1971), the Court held that federal courts must conduct
a "searching and careful" review to ensure that agency decisions
are not based on inaccurate or misleading information. The
NPDB's reliance on documents that were never issued to Dr.
Jolly, were created after the fact, or were represented as

official instruments without lawful origin violates this standard and renders the agency's action arbitrary and capricious.

The Ninth Circuit has similarly recognized that federal agencies may not maintain inaccurate records or rely on unverified information to impose legal consequences. In Guerrero v. Clinton, 157 F.3d 1190, 1196 (9th Cir. 1998), the court held that agency action must be set aside when it is based on "unsupported assumptions" or "materially inaccurate information." The NPDB's continued maintenance of unadjudicated, dishonest, and factually impossible reports about Dr. Jolly falls squarely within this prohibition.

Because the NPDB is a federal repository, the maintenance of inaccurate reports is not a state-specific matter but a federal administrative violation. The APA requires federal courts to ensure that agency records are accurate and that individuals have a meaningful opportunity to challenge erroneous information. The NPDB's refusal to correct or remove reports that were never adjudicated, never supported by evidence, and never within the agency's jurisdiction violates both the APA and the regulatory framework governing federal recordkeeping. The transfer order that prevented review of these violations is therefore legally erroneous and must be vacated.

**Due Process Failures and the Federal Courts' Duty to Correct**

The Due Process Clause imposes a constitutional obligation on federal courts to ensure that individuals are not subjected to adverse governmental action based on inaccurate, fabricated, or unadjudicated information. When a federal system of records contains false or unsupported data that affects a person's rights, reputation, or professional standing, the judiciary has a duty to intervene.

The Supreme Court has repeatedly held that due process requires both fair procedures and accurate decision-making, and that courts must correct administrative errors that undermine these guarantees. In Mathews v. Eldridge, 424 U.S. 319, 335 (1976), the Court emphasized that due process requires procedures "tailored to the capacities and circumstances of those who are to be heard," including safeguards against erroneous deprivation. When the government maintains inaccurate records

that inflict continuing harm, deprivation is ongoing, and judicial review is essential.

Federal courts have long recognized that due process is violated when the government relies on false or unverified information. In Codd v. Velger, 429 U.S. 624, 627 (1977), the Court held that when the government disseminates stigmatizing information that is factually disputed, due process requires a meaningful opportunity to clear one's name. The NPDB's maintenance of inaccurate and unadjudicated reports about Dr. Jolly triggers this principle directly.

The reports were never adjudicated by any state tribunal, were unsupported by factual findings, and were submitted at a time when Dr. Jolly was not a member of the healthcare profession, making the reports not only inaccurate but jurisdictionally impossible. The continued presence of these reports in a federal repository constitutes an ongoing deprivation of liberty and professional reputation without the procedural protections required by the Constitution.

The federal courts' duty to correct such errors is well established. In Cleveland Board of Education v. Loudermill, 470 U.S. 532, 543 (1985), the Court held that due process requires "an opportunity to present reasons, either in person or in writing, why proposed action should not be taken." When the government acts based on inaccurate information, or when the individual is denied a meaningful opportunity to challenge the basis of the action, the process is constitutionally deficient. The NPDB's dispute process, governed by 45 C.F.R. Part 60, is intended to provide such an opportunity. But when the underlying data is fabricated, unverified, or created outside lawful procedures, the dispute mechanism becomes meaningless unless the courts intervene to correct the federal record.

The Ninth Circuit has similarly recognized that due process is violated when administrative action rests on inaccurate or unsupported information. In Gonzalez v. United States Immigration and Customs Enforcement, 975 F.3d 788, 812 (9th Cir. 2020), the court held that the government may not rely on erroneous data to deprive individuals of liberty interests and that federal courts must correct such errors when they come to light. The same principle applies here: the NPDB's continued maintenance of inaccurate reports constitutes an ongoing

constitutional violation that federal courts are obligated to remedy.

The transfer order in this case is particularly troubling because it prevented the district court from fulfilling its constitutional duty to review and correct due process violations arising from inaccurate federal records. Once a federal court is presented with evidence that a federal repository contains false or unlawfully submitted information, it must address the issue directly. A transfer that diverts the case away from a court that has already identified irregularities in the federal record undermines the judiciary's role as the primary guardian of due process. As the Supreme Court held in Marshall v. Jerrico, Inc., 446 U.S. 238, 242 (1980), due process requires not only fair procedures but also the appearance and reality of fairness in the administration of justice. A transfer that leaves inaccurate federal records unreviewed fails this standard.

Because due process violations involving federal records impose national judicial responsibility, the Ninth Circuit must correct the district court's error. The transfer order disregarded the constitutional requirement that federal courts ensure the accuracy of federal records and provide meaningful review when those records are challenged. The Constitution does not permit federal courts to avoid this responsibility through procedural mischaracterization or venue transfer. The order should therefore be vacated so that the federal due process violations at the heart of this case may be properly adjudicated.

**Affirmative Conclusion Supporting Reversal of the Transfer Order**

The Ninth Circuit should vacate the transfer order because the district court's decision rests on a fundamental misunderstanding of the federal nature of the claims and the judiciary's constitutional and statutory duty to review unlawful administrative action. The Supreme Court has repeatedly held that federal courts must ensure the accuracy and legality of federal administrative records and may not avoid this responsibility through procedural mechanisms that effectively foreclose review.

In Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416 (1971), the Court emphasized that judicial review under the APA requires a "searching and careful" examination of the

administrative record to ensure that agency action is not based on inaccurate or unsupported information. The district court's transfer order prevented such review and allowed inaccurate federal records to remain unexamined.

The NPDB is a congressionally created federal repository, and its accuracy is governed by federal statute and regulation. The Supreme Court has made clear that agency action is arbitrary and capricious when it rests on false or unverified data. Motor Vehicle Mfrs. Ass'n v. State Farm, 463 U.S. 29, 43 (1983). The reports concerning Dr. Jolly were never adjudicated by any state tribunal, were unsupported by factual findings, and were submitted at a time when she was not a member of the healthcare profession, rendering the submissions jurisdictionally impossible. The NPDB's acceptance and continued maintenance of these reports therefore violates both the APA and 45 C.F.R. Part 60. Federal courts have a duty to correct such errors. Doe v. Rogers, 849 F.3d 556 (D.C. Cir. 2017).

The Ninth Circuit has likewise held that federal courts may not rely on inaccurate or unsupported information and must correct administrative errors that affect protected interests. In Guerrero v. ICE, 975 F.3d 788, 812 (9th Cir. 2020), the court held that due process is violated when the government relies on erroneous data and that federal courts must intervene to prevent ongoing harm. The transfer order in this case prevented the district court from fulfilling this constitutional obligation and allowed inaccurate federal records to remain uncorrected. Venue cannot be used to avoid adjudicating federal statutory violations.

The Supreme Court has held that courts must review agency actions that have "direct and appreciable legal consequences," regardless of geography. Bennett v. Spear, 520 U.S. 154, 177-78 (1997). The NPDB's maintenance of inaccurate reports has ongoing legal consequences for Dr. Jolly, and the district court's transfer order improperly insulated these federal violations from judicial review.

Because the claims arise under federal law, concern the integrity of a federal system of records, and allege ongoing violations of the APA and the Due Process Clause, the Ninth Circuit should reverse. The transfer order should be vacated, and the case should be remanded to the District of Oregon for

proper adjudication of the federal issues presented. Only by doing so can the judiciary fulfill its constitutional and statutory duty to ensure the accuracy of federal records and to provide meaningful review of unlawful administrative action.

The transfer order cannot stand. Federal courts have a non-delegable duty to review unlawful administrative action and to ensure the accuracy of federal records, a duty the Supreme Court has repeatedly affirmed in Overton Park, State Farm, and Bennett v. Spear. The NPDB's maintenance of unadjudicated, inaccurate, and jurisdictionally impossible reports is precisely the kind of arbitrary and capricious agency action the APA forbids, and the Ninth Circuit has made clear that courts must correct government reliance on erroneous data, as in Guerrero v. ICE. Because the district court's transfer order prevented any review of these federal violations and mischaracterized a national administrative law issue as a state-specific venue matter, the Ninth Circuit should vacate the order and restore the case to the District of Oregon for proper adjudication of the federal claims.

/s/
Dr. Maketa S. Jolly

Dr Joely
Kig of thumns PA
19406



**RECEIVED**

MAR 11 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

U.S. District Court
For the Eastern District
of Pennsylvania

C/o Clerk of Court
James Byrne Courthouse

601 Market Street
Philadelphia, PA 19106